# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**MARKEY VALDEZ CRUSE,**

    **Plaintiff,**

v.                                                                                  Case No. 4:20-cv-466-AW-MAF

**ERIC PAYNE,**

    **Defendant.**

_____/

# FINAL ORDER

In this § 1983 case, Plaintiff alleges that Officer Eric Payne violated his Fourth Amendment rights by (i) stopping him without probable cause; (ii) arresting him on a parole violation without probable cause; and (iii) searching his car after the arrest. The defendant officer has moved for summary judgment, and the magistrate judge recommends granting that motion. ECF Nos. 10, 20. I have considered the magistrate judge's Report and Recommendation. ECF No. 20. And I have considered de novo Plaintiff's objections. ECF No. 24. I have now determined that Defendant is entitled to summary judgment.

First, it is Plaintiff's burden to show the absence of probable cause. *See Rankin v. Evans*, 133 F.3d 1425, 1356 (11th Cir. 1998). Plaintiff has not presented any evidence to meet this burden. As to the stop, the gist of his claim is that the stop sign

1

was missing, so he did not violate the law when he did not stop.[1] But he has not shown that the officer knew the stop sign was down. The probable-cause analysis asks whether "the facts and circumstances *within the officer's knowledge* . . . would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Von Stein v. Brescher*, 904 F.2d 572, 578 (11th Cir. 1990) (emphasis added). Without any evidence of the officer's knowledge, Plaintiff cannot meet his burden. Therefore, the magistrate judge correctly concluded that Plaintiff cannot succeed on his claim as to the initial stop.[2]

As to the arrest, the magistrate judge correctly concludes that there was probable cause. Plaintiff contends he did not actually violate his parole because his parole officer permitted him to be out at that hour (which his parole officer denied,

---

[1] Even if the downed stop sign actually did excuse Cruse from needing to stop at the intersection as a matter of Florida law—and I do not hold that it did—an officer still has probable cause to conduct a traffic stop if he is reasonably mistaken about what state law requires. *See Heien v. North Carolina*, 574 U.S. 54 (2014). And Cruse has offered no evidence to show that the officer's mistake, if there was one, was unreasonable.

[2] I do not adopt or address the magistrate judge's alternative conclusion that the stop was lawful because Plaintiff violated Florida Statute § 316.125(2)—that is, that even if the officer knew there was no stop sign, there was still probable cause for the stop because the road from which Plaintiff turned was a private road. This alternative holding is unnecessary, and there is no evidence in the record that the road was, indeed, a private road—or that a reasonable officer would have known that.

ECF No. 9-5). But that is not the standard. As the magistrate judge noted, "a police officer is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest." ECF No. 20 at 17 (quoting *Ricciuti v. NYC Transit Auth.*, 124 F.3d 123, 128 (2d Cir. 1997)). Furthermore, Plaintiff was convicted of the parole violation (the subject of the contested arrest), so *Heck v. Humphrey* precludes his claim. 512 U.S. 477 (1994).

Last, the magistrate judge correctly concluded that the inventory search was not a constitutional violation. To succeed on his unreasonable search claim, Plaintiff had to show either (i) that the officer had no authority to impound his vehicle or (ii) that the search was not done pursuant to department policy. *See United States v. Williams*, 936 F.2d 1243, 1248 (11th Cir. 1991). Plaintiff has not alleged any facts supporting either of these conditions. In his objection, he argues that his wife was present to take control of the vehicle, meaning the officer lacked authority to impound it. ECF No. 24 at 6. But Plaintiff never alleged that his wife was present before the search, *cf.* ECF No. 9-1 at 32, and the police report indicates that she arrived after the search was over. *See* ECF No. 9-2; ECF No. 20 at 20-21. Thus, there is no dispute over a material fact as to the officer's authority to impound the car after arresting Plaintiff. *Cf. Williams*, 936 F.2d at 1259 (no Fourth Amendment violation when officer immediately impounded a car without a proper license plate, then conducted an inventory search before it was towed away). Nor has Plaintiff alleged

anything that would indicate the officer acted outside of official department policy; he simply asserts that the officer searched the car looking for incriminating material. *See* ECF No. 24 at 6. Thus, the magistrate judge correctly concluded that Plaintiff failed to show that the inventory search was unreasonable.

The Report and Recommendation (ECF No. 20) is adopted in part and incorporated into this order (except as stated otherwise above). Defendant's motion for summary judgment (ECF No. 10) is GRANTED. The clerk will enter a judgment that says, "This case is resolved on summary judgment. Plaintiff's claims are dismissed on the merits, and Plaintiff shall take nothing from this action." The clerk will then close the file.

SO ORDERED on September 29, 2021.

s/ *Allen Winsor*<br>United States District Judge